UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KENNETH WILLIAMS**                                                    **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:24-CV-P164-JHM**

**RICK ERICKSON** *et al.*                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Kenneth Williams is incarcerated as a convicted prisoner at Christian County Jail (CCJ).  He sues CCJ Head Jailer Adam Smith, CCJ Captain Bryan Rives, and CCJ Class-D Coordinator Rick Erickson in both their official and individual capacities.

Plaintiff alleges that on August 20, 2024, instead of granting him parole, the parole board gave him a twelve-month deferment for invalid reasons.  Plaintiff states that he had twenty-one days to appeal this decision but that he missed the appeal deadline because Defendant Erickson did not provide him with a timely copy of the parole board's decision.  Plaintiff asserts that Defendant Erickson's failure to "do his job prevented me from due process to appeal."  Plaintiff alleges that Defendant Rives did not respond appropriately to the grievance Plaintiff filed concerning Defendant Erickson's actions.  Plaintiff makes no allegations against Defendant Smith.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, Christian County. A county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to

a policy or custom of Christian County. Thus, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Jailer Adam Smith

As stated above, the complaint contains no allegations against Defendant Smith. Thus, the Court assumes that Plaintiff is seeking to hold him liable as the supervisor of the other Defendants. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, because Plaintiff does not allege that Defendant Smith personally took actions which violated Plaintiff's constitutional rights, the Court will dismiss Plaintiff's claim against him for failure to state a claim upon which relief may be granted.

### 2. Captain Rives

Plaintiff's claim against Defendant Rives is based upon his allegation that Defendant Rives did not properly respond to the grievance Plaintiff filed against Defendant Erickson. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue [have

. . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("[T]here is no inherent constitutional right to an effective grievance procedure[.]") (citing cases). For this reason, the failure to follow a grievance procedure or the denial of a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective grievance procedure").

Based upon this jurisprudence, the Court will also dismiss Plaintiff's claim against Defendant Rives for failure to state a claim upon which relief may be granted.

### 3. Class-D Coordinator Erickson

As stated above, Plaintiff alleges that Defendant Erickson's failure to timely provide him with a copy of the parole board's decision to issue a twelve-month deferment with regard to his parole violated his due process rights by forfeiting his ability to timely appeal the parole board's decision.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). No liberty or property interest exists here because a convicted person has no particular right to be paroled in Kentucky before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S.

1, 7 (1979); *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999) ("Kentucky courts have repeatedly held that there is no constitutional right to parole, but rather parole is a matter of legislative grace or executive clemency."); *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 587 (Ky. Ct. App. 1996); *see also Wartley v. Unknown Hoffman*, No. 2:24-cv-79, 2024 U.S. Dist. LEXIS 98508 (W.D. Mich. June 4, 2024) (dismissing due process claim where the plaintiff alleged that the defendant jail official caused him to be denied parole by refusing to transfer him to a lower-level facility because Michigan has a discretionary parole system and, thus, any alleged interference in plaintiff's opportunity for parole did not implicate a federal right).

Thus, Plaintiff's claim against Defendant Erickson must also be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: March 16, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.011

6